IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOSHUA S. RICHARDSON                                              PLAINTIFF

vs.                              Civil No. 2:15-cv-02195

CAROLYN COLVIN                                                    DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Joshua Richardson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his application for

Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to

the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion

and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for SSI was filed on February 25, 2013.  (Tr. 9, 141-149).  Plaintiff

alleged he was disabled due to problems standing and sitting for long time, suicidal thoughts, and

numbness in hands.  (Tr. 165).  Plaintiff alleged an onset date of February 25, 2013.  (Tr. 9, 141).

This application was denied initially and again upon reconsideration.  (Tr. 9).  Thereafter, Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages
for this case are referenced by the designation "Tr."

1

requested an administrative hearing on his application and this hearing request was granted.  (Tr. 99-101).

Plaintiff's administrative hearing was held on February 6, 2014.  (Tr. 23-58).  Plaintiff was present and was represented by counsel, Fred Caddell, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") Larry Seifert testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff was twenty-three (23) years old and had a high school education.  (Tr. 28-29).

On June 6, 2014, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI.  (Tr. 9-18).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 25, 2013, his alleged onset date.  (Tr. 11, Finding 1).  The ALJ also determined Plaintiff had the severe impairments of arthralgias in his hands and wrists, and depression. (Tr. 11, Finding 2).  The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 12, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13-16).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC for medium work except  he could frequently, but not repetitively, grasp, handle, and finger, and was limited to jobs involving simple tasks and simple instructions.  (Tr. 13, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 16, Finding 5).  The ALJ found Plaintiff was unable to perform his PRW.  *Id.*  The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 17, Finding 9).  The ALJ based this determination upon the testimony of the VE.  *Id.*  Specifically, the

2

VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of representative occupations such as metal furniture assembler with 10,727 such jobs in Arkansas and 548,842 such jobs in the nation, and janitor with 9,084 such jobs in Arkansas and 1,077,575 such jobs in the nation.  *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act since February 25, 2013.  (Tr. 18, Finding 10).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision.  (Tr. 5).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision.  (Tr. 1-4). On September 28, 2015, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on September 29, 2015.  ECF No. 5.  Both Parties have filed appeal briefs. ECF Nos. 12, 18.  This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

4

analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to fully develop the record, (B) in his credibility analysis, and (C) in the RFC determination.  ECF No. 12, Pgs. 11-18. In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 18.

**A. Duty to Develop Record**

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel.  If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations.  *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984).  Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments.  *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994).  The ALJ  must  develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled.  *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974).  In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure.  *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff only generally argues the ALJ should have sought further clarification regarding the severity of his impairments from his healthcare providers.  ECF No. 12, Pg. 12.  Defendant argues substantial evidence shows the ALJ met his duty to fairly develop the record.

Initially the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of his limitations and

impairments.  *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994).  An ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision.  *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).

In this matter, the ALJ discussed the treatment records, which he set forth in considerable detail in his decision, and which were supportive of his determination of no disability.  (Tr. 255-297, 307-424).  Further, the ALJ had a consultative physical examination from Dr. Clifford Lamar Evans (Tr. 249-53), and consultative mental diagnostic evaluation from Dr. Terry L. Efird (Tr. 299-304), which were supportive of the ALJ's RFC finding.  Finally, the ALJ relied on medical source statements from state agency medical consultants.  (Tr. 59-71, 74-86).

Further, as discussed, Plaintiff must not only show the ALJ failed to fully and fairly develop the record, but that he was prejudiced or treated unfairly by the ALJ's alleged failure to develop the record.  Plaintiff has not set forth any evidence showing had the ALJ requested additional consultative examinations, the ALJ would have arrived at a different decision.

Therefore,  I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

### B. ALJ's Credibility Determination

Plaintiff claims the ALJ erred in his credibility determination.  ECF No. 12, Pgs. 12-16.  In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*.  ECF No. 18.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529

and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider

are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the

pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of

medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints

of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ

acknowledges and examines these factors prior to discounting the claimant's subjective complaints.

*See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these

five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not

entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v.*

*Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's

subjective complaints "solely because the objective medical evidence does not fully support them

[the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility

determination, articulating the reasons for discrediting the testimony, addressing any

inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th

Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing his credibility as it related to the limiting effects of his impairments and did not fully consider his subjective complaints. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. § 404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 13-16). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living inconsistent with the record, (3) No persuasive evidence of medication side effects, (4) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (5) No aggressive medical treatment, (6) Plaintiff's medication use, and (7) gap in mental health treatment. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff complaints of pain.

## C. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating

physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox,* 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC for medium work except he could frequently, but not repetitively, grasp, handle, and finger, and was limited to jobs involving simple tasks and simple instructions. (Tr. 13, Finding 4). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 12, Pgs. 16-18. Specifically, Plaintiff argues the ALJ should have found him more physically limited because of the numbness and pain in his hands, and should have found problems with concentration, persistence, and pace due to his pain and mental impairments. However, substantial evidence supports the ALJ's RFC determination.

To begin with, the ALJ found Plaintiff limited physically because of numbness and pain in his hands when he limited Plaintiff to medium work with frequent, but not repetitive, grasping, handling, and fingering. (Tr. 13). The medical evidence did not establish ongoing or continuing complaints of hand pain or numbness, and the treatment record did not support disabling limitations from hand pain and numbness.

On March 7, 2013, Plaintiff had a consultative general physical examination performed by

Dr. Clifford Evans.  (Tr. 249-253).  This exam revealed some decreased range of motion in Plaintiff's lumbar spine, but also showed normal range of motion in his cervical spine and extremities, negative straight leg raising tests, no muscle spasms, normal reflexes, no muscle weakness or atrophy, no sensory abnormalities, normal limb function, and normal gait and coordination.  (Tr. 251-252).  Plaintiff's limb function exam showed Plaintiff could hold a pen and write, touch fingertips to palm, oppose thumb to fingers, pick up a coin, stand and walk without assistive devices, walk on heel and toes, and squat and arise from a squatting position.  (Tr. 252).  Also, Plaintiff had normal grip and strength in both of his hands.  (Tr. 252).  Plaintiff was assessed with bilateral arthralgias of his hands and fingers and mild to moderate limitations in his upper extremities.  (Tr. 253).

The ALJ also relied on the opinions of two medical consultants who reviewed the evidence of record and assessed the severity of Plaintiff's alleged physical impairments.  (Tr. 16, 64, 80).  Dr. Charles Friedman stated Plaintiff's alleged physical impairments were not severe, (Tr. 64) and Dr. Ronald Davis agreed with this assessment.  (Tr. 80).  Furthermore, the ALJ relied on numerous daily activities Plaintiff performed in reaching the RFC determination.  (Tr. 12, 15).

The ALJ also considered the medical record in reaching his finding that Plaintiff had the RFC to perform work involving simple tasks and simple instructions.  (Tr. 13, 15-16).  The ALJ indicated Plaintiff had received treatment for a depressive disorder from 2006 until 2008, but he also pointed out Plaintiff did not seek additional mental health treatment over the next five years from 2008 to 2013 and until after he filed his SSI application in February 2013.  (Tr. 15).

Plaintiff had a brief history of outpatient counseling and medication management from June 3, 2013, to August 13, 2013.  (Tr. 307-331).  At the first visit Plaintiff was diagnosed with dysthymic disorder, identity problem, and bereavement.  (Tr. 311).  On July 12, 2013, Plaintiff stated he had

10

no problems with his medications, felt a little more at peace, was sleeping well and socializing with family, and his auditory hallucinations were not as intense.  (Tr. 317-318).  At his final visits, Plaintiff was found to have a normal mental status and was taking his medication as prescribed.

The ALJ also relied on the consultative mental evaluation of Dr. Terry Efird.  (Tr. 299-303). Dr. Efird indicated Plaintiff had the capacity to perform basic cognitive tasks required for basic work like activities, appeared able to track and respond adequately for purposes of the evaluation, appeared to have the mental capacity to persist with tasks if desired, and appeared capable of performing basic work-like tasks within a reasonable time frame.  (Tr. 302).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination.  Plaintiff has the burden of establishing his claimed RFC.  *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **20th day of January 2017.**


/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

11